**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BEVERLY FORD GREENE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:26-cv-02228-JDW** |
| | : | |
| **CHERYL DENNIS,** ***et al.*****,** | : | |
| **Defendant.** | : | |

# MEMORANDUM

Beverly Ford Greene has sued her former employer, the City of Philadelphia, and her supervisor, Cheryl Dennis. But she hasn't stated a viable claim under federal law, so I will dismiss her federal claims under the Family and Medical Leave Act. In the absence of a federal claim, I will not exercise jurisdiction over her state law claims, so I will dismiss those, as well. However, I'll give Ms. Greene a chance to file a Fourth Amended Complaint that has the benefit of my analysis in this Memorandum, if she wants to do so.

## I. FACTUAL ALLEGATIONS

Ms. Greene worked as a social worker for the City. She asked for leave due to some sort of medical condition and provided the City with all of the information that it required. Ms. Dennis knew that Ms. Greene was exercising rights under the FMLA. Following her leave, someone told Ms. Greene that she had to provide additional medical documentation before resuming work. Ms. Greene returned to work while trying to obtain the documentation required. During this time, Ms. Dennis classified Ms. Greene as AWOL. The AWOL designation was recorded in Ms. Greene's employment file and influenced

subsequent disciplinary decisions even though Ms. Greene had not had a chance to challenge or correct the designation.

In March 2024, Ms. Dennis accused Ms. Greene of "falsification," after having found some undescribed documentation n Ms. Greene's office while Ms. Greene was on FMLA leave. Ms. Greene denied the allegation and insisted she had acted truthfully and in accordance with the City's policies. Ms. Dennis nonetheless proceeded with discipline, including termination of Ms. Greene's employment based on the alleged falsification. Ms. Greene claims that Ms. Dennis did not reasonably or consistently review her leave status or her efforts to obtain necessary documentation before terminating her employment based on the allegation of falsification. During subsequent proceedings, including unemployment compensation proceedings, Ms. Greene presented information suggesting that Ms. Dennis (a) lacked sufficient proof to support the allegation of falsification and (b) did not complete a full investigation before terminating Ms. Greene's employment.

Ms. Greene asserts that Ms. Dennis interfered with her rights under the FMLA by misclassifying approved or pending leave as "AWOL." She also claims that as a result, the City terminated her employment in violation of the FMLA. Additionally, she asserts state law claims for "employment discipline" and "termination issues." Shortly after filing her original Complaint, Ms. Greene filed two Amended Complaints. On May 5, 2026, I granted Ms. Greene leave to proceed in forma pauperis and explained that an amended pleading

supersedes the original pleading and renders the original pleading a nullity. Recognizing that Ms. Greene may not have known that each time she filed an amended complaint, it replaced and superseded all prior versions, I granted Ms. Greene an opportunity to file a complete and comprehensive third amended complaint and instructed her to include all of her claims and allegations in that pleading. She did so in a Third Amended Complaint ("TAC").

## II. STANDARD OF REVIEW

Because Ms. Greene is proceeding *in forma pauperis*, 28 U.S.C. 1915(e)(2)(B)(ii) requires me to dismiss the TAC if it fails to state a claim. Pursuant to that standard, I must determine whether the TAC contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

### A. FMLA Claims

Ms. Greene asserts FMLA interference and retaliation claims. Under the FMLA, an "eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-

month period" for, *inter alia*, a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). "When an employee returns from FMLA leave, the employer must restore the employee to the same or equivalent position he held, with equivalent benefits and with conditions of employment comparable to those [s]he had when [s]he left." *Ross v. Gilhuly*, 755 F.3d 185, 191 (3d Cir. 2014) (citing 29 U.S.C. § 2614(a)).

An employer may not interfere with an employee's attempt to invoke rights under the FMLA. *See* 29 U.S.C. § 2615(a)(1). To state an FMLA interference claim, a plaintiff must allege that (1) she was an eligible employee under the FMLA; (2) her employer was subject to the FMLA requirements; (3) she was entitled to FMLA leave; (4) she gave notice to her employer of her intent to take FMLA leave; and (5) she was denied benefits to which she was entitled. *Ross*, 755 F.3d at 192. To be eligible for FMLA leave, an employee must have been employed "for at least 1,250 hours of service with [the] employer during the previous 12-month period." *Head v. City of Philadelphia*, 627 F. Supp. 3d 444, 447 (E.D. Pa. 2022) (citing 29 U.S.C. § 2611(2)(A)). Unlike an FMLA retaliation claim, "[a]n interference action is not about discrimination, it is only about whether the employer provided the employee with the entitlements guaranteed by the FMLA." *Callison v. City of Philadelphia*, 430 F.3d 117, 120 (3d Cir. 2005).

An employer may not retaliate against an employee for requesting or taking FMLA leave. *See* 29 U.S.C. § 2615(a)(2) To state an FMLA retaliation claim, a plaintiff must

show that (1) she "invoked" her right to "FMLA-qualifying leave;" (2) that she "suffered an adverse employment decision;" and (3) "the adverse action was causally related to [her] invocation of rights." *Ross*, 755 F.3d at 193.

Ms. Greene does not plausibly allege a claim for FMLA interference or retaliation. As to her inference claim, Ms. Greene does not allege that the City denied her FMLA benefits to which she was entitled. To the contrary, she alleges that she requested FMLA leave and that the City granted her request. While she makes allegations about an AWOL designation and requests for documents, those claims do not allege interference, particularly because Ms. Greene does not allege what information the City requested from her upon her return from leave or whether she ever provided the City with the required documentation. As to her retaliation claim, she does not allege that she was faced with disciplinary action because she exercised her rights under the FMLA. Instead, she claims that she faced discipline because she falsified documentation. Accordingly, Ms. Greene's FMLA claims are not plausible, and I will dismiss them. However, because I cannot state with certainty that Ms. Greene cannot state a plausible claim, I will grant her leave to amend these claims.

**B. State Law Claims**

I will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over the state law claims Ms. Greene seeks to pursue. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court

jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Under Section 1332(a) 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where she is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Ms. Greene does not allege the citizenship of the parties. Rather, she provides Philadelphia addresses for herself and for Ms. Dennis, and she names the City as a Defendant. Thus, it appears that all parties to the case are citizens of Pennsylvania, meaning there is no diversity of citizenship. I will therefore dismiss the state law claims without prejudice. If Ms. Greene elects to file a Fourth Amended Complaint, she can re-assert her state law claims, and if she pleads a plausible claim under federal law, then I will address her state law claims.

## IV. CONCLUSION

I will dismiss Ms. Greene's FMLA claims for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and her state law claims for lack of subject matter jurisdiction. I will grant leave to file a fourth amended complaint. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

**JOSHUA D. WOLSON, J.**

October 7, 2026